IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DGI Resolution, Inc.[1] | ) | Case No. 09-14063 (PJW) |
| | ) | |
| Debtor. | ) | |
| | ) | Re: Docket Nos. 252 and 324 |

## NOTICE OF EFFECTIVE DATE OF DEBTOR'S
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

PLEASE TAKE NOTICE that on May 27, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Confirmation Order") [Dkt. No. 324] confirming the *Debtor's First Amended Chapter 11 Plan of Liquidation* (the "Plan") [Dkt. No. 252]. The Confirmation Order and the Plan are available for inspection (a) during regular business hours in the Office of the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and (b) on the claims agent's dedicated website for the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor"), http://www.delclaims.com/caseinfo/C09-14063.html.

PLEASE TAKE FURTHER NOTICE that the Plan has now gone effective, as of June 10, 2010 (the "Effective Date"). Pursuant to the terms of the Plan, on or prior to the Effective Date, the Liquidating Trust Agreement[2] has been executed and the DGI Liquidating Trust has been established. Walker, Truesdell, Roth & Associates will serve as Liquidating Trustee of the DGI Liquidating Trust. The Liquidating Trustee can be contacted at (i) Walker, Truesdell, Roth & Associates, Attn: Hobart Truesdell, 380 Lexington Ave., Suite 1014, New York, NY 10168, (212) 687-1811 (telephone), (212) 687-0994 (facsimile), and (ii) Young

---

[1] The debtor in this case, along with the last four digits of the federal tax identification number for the debtor, is DGI Resolution, Inc. (6704).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Plan.

Conaway Stargatt & Taylor, LLP, Attn: Pauline K. Morgan, Esq., The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19801, (302) 571-6600 (telephone), (302) 571-1253 (facsimile), pmorgan@ycst.com (email).

PLEASE TAKE FURTHER NOTICE that the Confirmation Order is now final and non-appealable. Creditors and parties in interest are directed to the Confirmation Order and the Plan for their contents.

## ADMINISTRATIVE EXPENSE REQUEST DEADLINE

PLEASE TAKE FURTHER NOTICE that, in accordance with the Confirmation Order and Article II.B of the Plan, all Persons asserting Administrative Claims, and not otherwise paid by the Debtor in the ordinary course, must file an Administrative Expense Request with the Bankruptcy Court no later than thirty (30) days after the Effective Date (the "Administrative Expense Request Deadline") or forever be barred from receiving payment from the Debtor, its Estate, the DGI Liquidating Trust, the Liquidating Trustee, their successors, their assigns or their Assets.

## FINAL FEE APPLICATIONS BAR DATE

PLEASE TAKE FURTHER NOTICE that pursuant to Article II.B.1.b of the Plan, all professionals requesting compensation for Professional Fee Claims for services rendered or costs incurred prior to and including the Effective Date must file with the Bankruptcy Court and serve an application for final allowance of such Professional Fee Claims no later than thirty (30) days after the Effective Date or forever be barred from receiving payment from the Debtor, its Estate, the DGI Liquidating Trust, the Liquidating Trustee, their successors, their assigns or their Assets.

## BAR DATE FOR REJECTION DAMAGE CLAIMS
## RELATING TO REJECTED EXECUTORY CONTRACTS

PLEASE TAKE FURTHER NOTICE that pursuant to Article V.B of the Plan, effective as of the Effective Date, the Debtor is deemed to have rejected all of their Executory Contracts except those that: (i) were previously assumed or rejected by an order of the Bankruptcy Court pursuant to Bankruptcy Code § 365, and (ii) were identified on the Assumption Schedule (and not removed from the Assumption Schedule at or prior to the Confirmation Hearing). Each Person who is a party to an Executory Contract rejected under the Plan must file with the Debtor's claims agent, as identified in Article V.C of the Plan, and serve upon counsel for the Liquidating Trustee, not later than thirty (30) days after the Confirmation Date, a proof of claim for rejection damages or such Claim shall be forever barred and shall not be entitled to a distribution or be enforceable against the Debtor, its Estate, the DGI Liquidating Trust, the Liquidating Trustee, their successors, their assigns or their Assets.

Dated: June 10, 2010  
Wilmington, Delaware

Respectfully submitted,

/s/ Mark D. Collins

Mark D. Collins (No. 2981)  
Christopher M. Samis (No. 4909)  
Travis A. McRoberts (No. 5274)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

*Attorneys for the Debtor and Debtor in Possession*